WILLIAM J. ROGERS v. IDA R. BAKER ET AL.

Submitted December 8, 1900—Decided February 25, 1901.

In a suit upon a sealed instrument the defence of fraud in the con-
sideration is not a bar to the action, where the contract has been
executed by both parties and remains unrescinded, and where the
consideration has not entirely failed. Under such conditions the
defendant can only take advantage of the fraud by proving it at
the trial for the purpose of reducing the amount of the plaintiff's
recovery.

On demurrer to plea.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUM-
MERE and COLLINS.

For the demurrant, *Flavel McGee.*

*Contra, Edward M. Colie.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiff sues on a common-money bond,
in the penal sum of $10,000, conditioned for the payment of
$5,000 on the day therein named, with interest.

The plea demurred to is in bar of the whole action. It
begins with an *actio non,* and concludes with a prayer of
judgment if the defendants ought to be charged with the
debt evidenced by the bond. The defence which it sets up
is that the bond in suit was obtained by fraud, covin and mis-
representation; and it specifies, as a fraud, that the plaintiff,
being the owner of certain lands, did, for the purpose of
inducing the defendants to purchase them, falsely represent
to them that said lands were worth $10,000, when, in fact,
they were worth only $6,000, to the knowledge of the plaint-
iff; that he further falsely represented that the rentals of
$12 and $15 per month, paid by the occupants of two houses
which were upon said lands, did not represent the proper

rentals readily obtainable for said houses, but were nominal sums charged against the occupants thereof, who were caretakers of the property and not *bona fide* tenants, when, in fact, he knew that said monthly rentals were not nominal sums paid and received upon the consideration falsely alleged, but were the highest rentals obtainable therefor. The plea then states that the defendants, relying on these false and fraudulent representations, and induced thereby, purchased the said lands and premises from the said plaintiff for the sum of $10,000, and paid part of the purchase-money by the execution and delivery to the plaintiff of the bond sued upon.

The facts set out in this plea do not constitute a complete bar to the action. The defendants have received from the plaintiff, in execution of their contract with him, property admittedly worth $6,000, and they have paid him for it the price agreed upon. The contract has been entirely executed by both parties, and there has been no rescission by either of them; and, as there has been only a partial, not a total, failure of consideration, the plea is bad.

The situation disclosed by this plea is almost identical with that presented in *Lord* v. *Brookfield,* 8 *Vroom* 552. That was a suit upon a money bond. The defence set up by the plea was that the defendant had purchased from the plaintiff a certain tract of land, being induced to do so by reason of false and fraudulent representations as to its value and character made by the plaintiff to the defendant for the purpose of inducing the latter to buy. It was held by the Court of Errors that the plea was bad; that the contract having been executed and not rescinded, and the consideration not having entirely failed, the defence set up did not bar the action, and could only be used at the trial for the purpose of reducing the amount of the plaintiff's recovery.

The plaintiff is entitled to judgment on the demurrer.